UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROMERE ANDERSON,

                     Petitioner,                          03 Civ. 0905 (PKC)

      -against-

                                                          MEMORANDUM AND ORDER
                                                          ADOPTING REPORT AND
                                                           RECOMMENDATION
GLENN G. GOORD, COMMISSIONER,
Acting Superintendent Fishkill New York State
Department of Corrections,
                     Respondent.
-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

        Petitioner Romere Anderson, after a jury trial in the Supreme Court of the State of New York, Bronx County (Cirigliano, J.), was convicted of one count of murder in the first degree under New York Penal Law § 125.27(1)(a)(vii). On May 6, 1999, Justice Cirigliano imposed a sentence of an indeterminate term of imprisonment from 25 years to life. Petitioner appealed his conviction to the Appellate Division, First Department, and, by Order dated October 16, 2001, the Appellate Division unanimously affirmed the conviction. People v. Anderson, 287 A.D.2d 324 (1st Dep't 2001).[1] Petitioner sought leave to appeal the Appellate Division's Order to the New York Court of Appeals and, on December 26, 2001, leave was denied. 97 N.Y.2d 678 (2001).

        On February 7, 2003, petitioner filed, pro se, a timely petition for habeas corpus relief under 28 U.S.C. § 2254, presenting a single claim–that the prosecution failed to

---

[1] The Appellate Division issued a "Corrected Order" on November 8, 2001. That Order, attached as Exhibit 3 to the opposition affidavit of Assistant District Attorney Hae Jin Liu, is identical to the published Order, but also notes the Appellate Division's denial of Petitioner's motion for leave to file a pro se supplemental brief with that court.

prove his guilt beyond a reasonable doubt and that, therefore, his conviction constituted a violation of his due process rights. The matter was initially assigned to Judge Buchwald. On August 12, 2003, respondent filed his opposition to the petition. Pursuant to petitioner's request, on September 15, 2003, Judge Buchwald extended his time to serve reply papers in support of the petition to November 21, 2003, and ordered that no further extensions would be granted. On November 12, 2003, I informed the parties by letter that this matter had been reassigned to my docket, and that all existing deadlines set by Judge Buchwald, including that for petitioner's reply papers, remained in effect. On January 7, 2004, having still received no reply submission from petitioner, I ordered that the petition would be decided on the current papers.

On March 19, 2004, I referred the petition to United States Magistrate Judge Douglas F. Eaton. Judge Eaton issued a Report and Recommendation ("R&R") on July 13, 2004, in which he recommended that I deny the petition. Petitioner objected to Judge Eaton's R&R, claiming that Judge Eaton "applied the wrong standard on petitioner's claim that the People failed to prove his guilt beyond a reasonable doubt." (Pet. Obj. at 1 (citing <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979)). Petitioner asserts that there was "no material or physical evidence, nor eyewitness testimony connecting the petitioner to the crime. The only claimed evidence connecting the petitioner to the crime, is the testimony of witness Cheryl Washington, who claimed the petitioner confessed to his [role] in the murder." (Pet. Obj. at 1) Respondent also objected to the R&R to the extent that Judge Eaton found that petitioner had exhausted his state court remedies prior to filing the instant petition, as required under 28 U.S.C. § 2254(b)(1)(A). In light of the parties' timely objections, this Court reviews the R&R on a <u>de</u> <u>novo</u> basis. 28 U.S.C. § 636(b); Rule 72(b), Fed. R. Civ. P.

Having reviewed the petition, respondent's opposition thereto, and the underlying record, including the trial transcript, I adopt Judge Eaton's R&R, and deny the petition for a writ of habeas corpus. Petitioner did sufficiently exhaust his state court remedies, but has not demonstrated a violation of his Constitutional right to due process.

Judge Eaton's conclusion that petitioner exhausted his state court remedies is well founded. To have exhausted state remedies under 28 U.S.C. 2254(b)(1)(A), a petitioner must have "fairly presented" his federal habeas claims to the highest court of the state. See Picard v. Connor, 404 U.S. 270, 275 (1971). A fair presentation requires a petitioner to have presented the court with both the factual and legal bases for his claims. Id. at 276-77. Petitioner must also have made the court aware of the Constitutional nature of the claims that form the basis of his habeas petition. See Daye v. Attorney General, 696 F.2d 186, 192-93 (2d Cir. 1982) (en banc).

Respondent's objections to Judge Eaton's finding of exhaustion are based on the fact that, in her letter to the New York Court of Appeals seeking leave to appeal the Appellate Division's Order, petitioner's counsel did not explicitly state the issue or issues on which petitioner sought leave to appeal, simply stating that the Appellate Division briefs of the parties were enclosed. (Resp. Mem. at 5) Respondent contends that failure to delineate the particular claim on which petitioner sought leave to appeal, or to explicitly request review of "all issues" presented in petitioner's brief, constitutes a failure to exhaust state remedies. (Id. at 5-8)

The Second Circuit recently addressed this issue. In Galdamez v. Keane, 394 F.3d 68, 76-77 (2d Cir.), cert. denied, __ U.S. __, 125 S. Ct. 1996 (2005), the court held that, where a petitioner had failed to specify which of his claims he wished to present to the New York Court of Appeals, and had also failed to explicitly state that he sought leave to appeal on

"all issues," petitioner had nevertheless properly exhausted his state court remedies. The petitioner in Galdamez, like petitioner here, had merely requested leave to appeal and enclosed the Appellate Division briefs and the Appellate Division's decision. The court found this sufficient. "[W]e can only conclude that the Court of Appeals would construe the concise application in this case as a request for review of *all* of the issues outlined in the briefs." Id. at 76. (emphasis in original). The court held that an explicit statement requesting review of all issues "is unnecessary where the only fair import of the total application suggests a request for review of all the issues argued to the Appellate Division." Id. (citation and internal quotations omitted).[2]

Here, the case for exhaustion is more firmly grounded. Each of the cases cited by respondent in support of his argument that petitioner failed to exhaust state remedies differs from the present case in one critical respect recognized by Judge Eaton. In each of those cases, as in Galdamez, more than one issue was presented to the Appellate Division, and the habeas court grappled with the question of which, if any, of those issues were properly presented to the New York Court of Appeals. See Ramirez v. Attorney General, 280 F.3d 87, 96-97 (2d Cir. 2001) (ineffective assistance of counsel and confrontation clause rights); Richardson v. Greiner, 2003 WL 76994 at * 1 (S.D.N.Y. 2003) (insufficient evidence, deprivation of right to fair trial, improper jury charge); Fernandez v. Artuz, 2002 WL 977372 at *1 (S.D.N.Y. 2002); (five claims including, *inter alia*, due process and Eighth Amendment

---

[2] In Galdamez, the state had explicitly opposed petitioner's request for leave to appeal based on his "fail[ure] to identify any legal issue for further appellate review." Galdamez, 394 F.3d at 77. The court nevertheless deemed petitioner to have exhausted his state remedies, since "[n]othing in the certificate denying leave to appeal suggests that Galdamez's application was denied for lack of specificity or any other procedural reason." Id. Here, there is nothing in the record to indicate either that the state objected to petitioner's request for leave, or that the denial of leave was for procedural reasons. The Certificate Denying Leave states that the Court of Appeals in fact examined "the record and proceedings" and determined that there was "no question of law" justifying review by that court. (Liu Aff't., Ex.5)

claims); Black v. McGinnis, 2001 WL 209916 at *4 (S.D.N.Y. 2001) (Fourteenth Amendment violation resulting from failure to give a missing witness charge and "sentence reduction in the interests of justice"); Perez v. Greiner, 2000 WL 915114 at *6 n.7 (S.D.N.Y. 2000).

Here, petitioner's Appellate Division brief, like his habeas petition, raised only one claim potentially reviewable by this Court. There was but one (admittedly lengthy) point heading in the argument section of petitioner's Appellate Division brief. It read:

> WHERE NO PHYSICAL EVIDENCE LINKED APPELLANT TO THE CRIME, NONE OF THE WITNESSES IDENTIFIED APPELLANT AS A PERPETRATOR, AND CHERYL WASHINGTON'S BIZARRE ACCOUNT OF APPELLANT'S ALLEGED CONFESSION WAS REFUTED BY NICOLE MORRIS AND JOANNE JONES, THE PEOPLE FAILED TO PROVE APPELLANT GUILTY OF MURDER IN THE FIRST DEGREE BEYOND A REASONABLE DOUBT IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW. U.S. CONST., AMENDS. V, XIV; N.Y. CONST., ART. I, SECTION 6.

(Liu Afft. Ex. 1 at 25) The argument section corresponding to that point occupied only four pages, and succinctly set forth the petitioner's argument about the alleged insufficiency of the evidence at trial to sustain petitioner's conviction. (Id. at 25-28) The remainder of the brief was dedicated to setting forth the facts petitioner deemed relevant to this argument, largely descriptions of the testimony at trial, supported by citation to the trial transcript. (Id. at 2-24)

Even prior to the Galdamez decision, where only one issue is presented to the Appellate Division, courts have held that merely referencing the attached Appellate Division briefs in a letter seeking leave from the Court of Appeals is sufficient to constitute adequate presentation of claims for habeas exhaustion purposes. In such cases, "the simplicity of the documents suffice[s] to clearly inform the Court of Appeals that the issue raised in the brief was also the basis for the application for granting leave." Williams v. Walsh, 2004 WL 2754859 at *2 (S.D.N.Y. 2004) (citation omitted); Concepcion v. Portuondo, 1999 WL

604951 at *3 (S.D.N.Y. 1999) (where only one issue was raised in Appellate Division brief and discussed in that court's opinion, "the only issue that the Court of Appeals could have considered is the sole issue raised in this petition.").

In denying the instant petitioner leave to appeal, the Court of Appeals noted that "there is no question of law presented which ought to be reviewed by the Court of Appeals." (Liu Aff't., Ex. 5) Here, there was no risk that the Court of Appeals was being asked to "look for a needle in a paper haystack." <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991). The federal nature of petitioner's claim was also evident in the submission to the Court of Appeals. In <u>Williams</u>, the court found that petitioner had exhausted his state remedies even though the appellate briefs attached to his application for leave "cast the legal insufficiency . . . claim in terms of New York state law, and failed to cite the federal constitutional standard under <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979)." 2004 WL 2754859 at *2 (footnote omitted). Here, the federal basis for petitioner's claim is evident from the point heading quoted above, which explicitly references the U.S. Constitution, and petitioner did, in fact, cite <u>Jackson</u> in the brief. (Liu Aff't., Ex. 1 at 25) Petitioner presented a single claim, and it did not escape the notice of the Court of Appeals.

I now turn briefly to the merits of the petition, addressed more fully in Judge Eaton's R&R. Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a federal court exercising habeas jurisdiction may only disturb a state court adjudication if such adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if it "contradicts the governing law" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An unreasonable application of federal law is more than an incorrect application, but the petitioner need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable. Id. at 409-12. Instead, a federal court should review a state court's interpretation of federal law using a standard of objective reasonableness. Id. at 409. The "increment of incorrectness beyond error . . . need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000) (citation and internal quotations omitted). "We must presume the state court's factual findings to be correct and may overturn those findings only if petitioner offers, clear and convincing evidence of their incorrectness." Yung v. Walker, 341 F.3d 104, 109 (2d Cir. 2003) (citing 28 U.S.C. § 2254(e)).

Judge Eaton properly noted the standard for challenging the sufficiency of the evidence to support a conviction under Jackson. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (citation omitted) (emphasis in original). Because the evidence must be viewed in the light most favorable to the prosecution, "[p]etitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (citation and internal quotations omitted). Viewing the facts in the light most favorable to the prosecution, the court

must "decide whether the record is 'so totally devoid of evidentiary support that a due process issue is raised.'" Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995) (quoting Mapp v. Warden, N.Y. State Correctional Inst. For Women, 531 F.2d 1167, 1173 n.8 (2d Cir.), cert. denied, 429 U.S. 982 (1976)).

The crux of petitioner's argument is that there was "no physical evidence" linking him to the murder of which he was convicted, and that the testimony about petitioner's alleged confession–which he contends is the only evidence tying him to the crime (Pet. Obj. at 1)– was controverted by two other witnesses, and was "bizarre." (Liu Aff't., Ex.1 at 25)  That the testimony of a witness is controverted by the testimony of other witnesses, however, does not render it insufficient evidence to support a conviction.  It is not the province of a habeas court to reevaluate credibility determinations made by a jury that was presented with the opportunity to observe those witnesses. "[U]nder Jackson, the assessment of the credibility of witnesses is generally beyond the scope of review." Schlup v. Delo, 513 U.S. 298, 330 (1995); see also Bossett, 41 F.3d at 830 ("Although appellants emphasize the lack of physical evidence connecting them to the murder and contend that the testifying witnesses were not credible, a conviction may be based upon circumstantial evidence and inferences based on the evidence, and the jury is exclusively responsible for determining a witness' [sic] credibility.") (citation and internal quotations omitted).

The Appellate Division, in its opinion, did discuss witness credibility, and found that the jury "properly accepted the testimony of the witness who testified to having heard defendant's detailed confession over that of the witnesses who contradicted her. We find no reason on this record to find that her testimony was in any way implausible." Anderson, 287 A.D.2d at 325.  There was, moreover, corroborating evidence that puts to rest any

find no reason on this record to find that her testimony was in any way implausible." Anderson, 287 A.D.2d at 325. There was, moreover, corroborating evidence that puts to rest any contention that the record is "totally devoid of evidentiary support" for petitioner's conviction. See R&R at 10-13.

Conclusion

Having reviewed the petition, the submissions in support and opposition, the state court trial transcript and the Objections of both parties, I find Judge Eaton's R&R to be well reasoned and thoroughly grounded in law.

The Report and Recommendation is ADOPTED in its entirety, and the petition is DISMISSED. The Clerk is directed to enter judgment in favor of respondent.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962).

SO ORDERED.

_/s/ P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 19, 2005